## SPILLERS v. STEVENS.

MORTGAGE DEED.—Finding by Circuit Court that a deed purporting on its face to be an absolute conveyance was not a mortgage affirmed, because appellant has failed to satisfy this Court that the Judge erred, and because his conclusion is clearly sustained by preponderance of evidence.

Before PRINCE, J., Union, June, 1906.   Affirmed.

Action by California V. Spillers against Geo. W. Stevens and Joe A. Cathcart.   From Circuit decree, plaintiff appeals.

*Mr. Jno. K. Hamlin,* for appellant (no citations).

*Messrs. J. A. Sawyer* and *W. W. Johnson,* contra.

*Mr. Sawyer* cites: *Decree will not be reversed for admission of incompetent evidence if there be other competent evidence sufficient to support decree:* 75 S. C., 197; 36 S. C., 216; 61 S. C., 232. *Burden of proof in such cases:* 54 S. C., 191; 31 S. C., 276. *This Court will not overrule findings below on doubtful questions:* 16 S. C., 343. *Inadequacy of price does not show that deed was a mortgage:* 52 S. C., 59; 55 S. C., 52.

January 4, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was brought for the purpose of having an instrument of writing purporting on its face to be an absolute conveyance of land, declared a mortgage. All the issues of law and fact were referred to the master for Union County, who made his report finding that the instrument of writing was intended as an absolute conveyance, and not as a mortgage.

Upon hearing exceptions to said report, it was confirmed, whereupon the plaintiff appealed to this Court, assigning error on the part of his Honor, the Circuit Judge, in his findings of fact.

Not only has the appellant failed to satisfy this Court, that the Circuit Judge erred in his findings of fact, but after careful consideration we have reached the conclusion that his findings are clearly sustained by the preponderance of the testimony.

As there are no questions of law involved, we do not deem it necessary to discuss the questions presented by the exceptions at greater length.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.